## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSEPH (JOEY) LUZIER, III,

     Plaintiff,

v.                                  Case No. 6:24-CV-916

SERGEANT CLEVELAND WHEELER;
SERGEANT LANE; OFFICER RYAN
HINES; and OFFICER LUIS D. OCASIO,

     Defendant.

_____/

## MOTION TO QUASH SERVICE OF PROCESS FOR
## SERGEANT PAUL LANE

**NOW COMES** Defendant, Sergeant Paul Lane (hereinafter "Defendant"), by and through the undersigned counsel hereby makes this Motion to Quash Service of Process by Plaintiff's First Verified Complaint [ECF No. 1] for failure to effectuate service on the proper defendant.  In support of this motion, Defendant states as follows:

   1. At all times relevant, Plaintiff, Joseph Luzier DC#E24178, is an inmate incarcerated in the care and custody of the Florida Department of Corrections.

   2. On May 16, 2024, Plaintiff's Counsel filed the Complaint in this matter. ECF No. 1.

3.  On June 7, 2024, service was effectuated for Sergeant Paul Lane, hereinafter Sergeant Paul Lane [Exhibit A]. Sergeant Paul Lane was the only Sergeant Lane employed at Tomoka Correctional Institution at the time of service.

4.  Counsel for the plaintiff has since served the correct defendant and determined the correct identity of which Sergeant Lane was subject to the Complaint. ECF No. 1.

5.  On July 1, 2024, service was effectuated for the correct Sergeant Lane, hereinafter Sergeant D. Lane [Exhibit B].

6.  The undersigned attorney requests that this Court quash the service on Sergeant Paul Lane as he is not the Sergeant Lane intended in the Complaint. ECF No. 1.

**WHEREFORE**, Sergeant Paul Lane, respectfully requests this Honorable Court quash the service of process as the intended defendant is Sergeant D. Lane.

## MEMORANDUM OF LAW

Plaintiff has failed to effectuate proper service of process as required by Rule 4 of the Federal Rules of Civil Procedure.  Rule 4(e) sets forth the requirements for effectuating service of the summons and complaint, with which requirements were not met.  Rule 4(e) requires service to be accomplished either by following state law for service or by either delivering the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode, or by delivering a copy of each to an agent authorized to receive service of process.  The person that accepted service as Sergeant Lane was Sergeant Paul Lane and not the Defendant in the Complaint. ECF No. 1.  While Sergeant D. Lane is the intended Defendant named in the Complaint and was not

employed at Tomoka Correctional Institution at the time the summons was served at the facility.

Statutes governing services of process are to be strictly construed. *Martin v. Salvatierra,* 233 F.R.D. 630, 631 (S.D. Fla. 2005). The burden is on the plaintiff to establish proper service of process when challenged. *Kelly v. Florida,* 233 F.R.D. 632, 634 (S.D. Fla. Sept, 25, 2005). The summons and complaint were improperly served upon Sergeant Paul Lane and service should be quashed. *Yaniga v. Florida Dept. of Transp.,* No 8:11-CV-1371-T-23TBM, 2011 WL 6338910, at 1 (M.D. Fla Dec. 19, 2011) (Without proper service of process, a district court lacks both personal jurisdiction over a defendant and power to render a judgment).

**WHEREFORE,** Sergeant Paul Lane, respectfully requests this Honorable Court quash the improper service of process and dismiss this action for lack of personal jurisdiction over Sergeant Paul Lane. Additionally, Sergeant D. Lane has been served to correct the issue and ensure that no further delay occurs in the case.

Respectfully Submitted,

**ASHLEY MOODY
ATTORNEY GENERAL**

/s/ Jessica Schwieterman
Jessica Schwieterman
Senior Assistant Attorney General
Florida Bar No. 116460
Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, FL 33607
T - (813) 233-2880; F - (813) 281-1859

Jessica.Schwieterman@myfloridalegal.com
Victoria.Lingua@myfloridalegal.com

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned counsel conferred with Plaintiff's counsel on this motion via a phone call on July 11, 2024, Plaintiff's counsel does not oppose the relief requested in this motion.

### CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.

/s/ Jessica Schwieterman
Jessica Schwieterman
Senior Assistant Attorney General