UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH (JOEY) LUZIER, III,

    Plaintiff,

v.                                                   Case No. 6:24-CV-916-PGB-RMN

SERGEANT CLEVELAND WHEELER;
SERGEANT LANE; OFFICER RYAN
HINES; and OFFICER LUIS D. OCASIO,

    Defendant.
_____/

**DEFENDANT SERGEANT CLEVELAND WHEELER'S ANSWER,
AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Defendant, SERGEANT CLEVELAND WHEELER (hereinafter "Defendant"), by and through his undersigned counsel, hereby file this Answer, Affirmative Defenses, and Demand for Jury Trial, in response to Plaintiff's Complaint. ECF No. 1, hereinafter "Complaint." Defendant states as follows:

**ANSWER**

The specific responses to the allegations are presented in the same sectioned structure as Plaintiff's Complaint. ECF No. 1.

**Jurisdiction and Venue**

1.    Admitted only to the extent that Plaintiff brings an Eighth Amendment claim pursuant to 42 U.S.C. § 1983. Defendant denies that Plaintiff has successfully stated a claim.

2. Admitted.

3. Admitted.

4. Without knowledge, therefore Denied.

**Parties**

5. Admitted that Plaintiff is an inmate in the custody and care of Florida Department of Corrections. Admitted that Plaintiff was housed at Tomoka Correctional Institution in Volusia County, Florida. Admitted that Tomoka Correctional Institution is a male prison facility. Defendant is without knowledge of the Plaintiff's gender identity, therefore denied.

6. Admitted.

7. Not applicable to this Defendant, and otherwise without knowledge to admit or deny.

8. Not applicable to this Defendant, and otherwise without knowledge to admit or deny.

9. Not applicable to this Defendant, and otherwise without knowledge to admit or deny.

**Factual Allegations**

10. Defendant is without knowledge of Plaintiff's housing status on August 25, 2020, therefore denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant is without knowledge of the events that occurred when Officer Ocasio escorted Plaintiff to the new cell, therefore denied.

17. Defendant is without knowledge of the conversation between Plaintiff and Officer Ocasio, therefore denied.

18. Defendant is without knowledge of Sgt. Lane's interaction with Plaintiff, therefore denied.

19. Defendant is without knowledge of Sgt. Lane's interaction with Plaintiff, therefore denied.

20. Without knowledge, therefore denied.

21. Defendant is without knowledge of the events that occurred between Plaintiff and his bunkmate, therefore denied.

22. Defendant is without knowledge of the events that occurred between Plaintiff and his bunkmate, therefore denied.

23. Defendant is without knowledge of the events that occurred between Plaintiff and his bunkmate, therefore denied

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Defendant is without knowledge as to the investigation, therefore denied.

27. Admitted that Rivas was charged with sexual battery. Defendant is without knowledge as to the current status of the criminal proceedings, therefore denied.

**Count I: Violation of 42 U.S.C. § 1983 – Failure to Protect**

28. Denied.
29. Admitted.
30. Denied.
31. Denied.
32. Denied.
33. Denied.

**Count II: Violation of 42 U.S.C. § 1983 – Failure to Intervene**

34. Denied.
35. Denied.
36. Denied.
37. Denied.

**Count III: Violation of 42 U.S.C. § 1983 – Supervisor Liability**

38. Admitted.
39. Denied.
40. Denied.
41. Denied.
42. Denied.
43. Denied.

    44.    Denied.

**Prayer for Relief**

    A.    Denied.

    B.    Denied.

    C.    Denied.

    D.    Denied.

    E.    Denied.

**All other allegations not expressly admitted are <u>hereby denied.</u>**

<h3 style="text-align:center;"><u>DEFENDANT'S AFFIRMATIVE DEFENSES</u></h3>

    1.    Plaintiff's Complaint fails to establish the presence of any violation of any rights, privileges or immunities secured by the United States Constitution against Defendant.

    2.    Defendant did not have actual or subjective knowledge of a risk of serious harm to the Plaintiff and/or Defendant did not disregard any known risk by failing to respond to said risk in a reasonable manner and/or Defendant's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person should have known thus Defendant is entitled to qualified immunity.

    3.    At all times material hereto, Defendant's actions, as a state official, was reasonable, in good faith, without malice, was undertaken pursuant in the performance of his duties, and was within the scope of his duties.

    4.    To the extent Plaintiff seeks to recover punitive damages against Defendant, Plaintiff's claims for punitive damages are limited and/or barred by the

Florida Constitution, the United States Constitution and/or by the laws of the United States and the State of Florida.

5. To the extent that Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations those claims are barred.

6. Plaintiff cannot recover against the Defendant to the extent that Plaintiff has failed to make reasonable efforts to mitigate his alleged damages.

7. Defendant's liability is limited by the independent, intervening acts of other persons, parties, or entities, known or unknown, that supersede any causal connection between Defendant's conduct and any alleged injury and death of Plaintiff. Likewise, any intervening act and injury was not reasonable foreseeable or anticipated by Defendant and was not under Defendant's control and Defendant may not be held liable.

8. Defendant asserts that, at all times material, he acted in good faith, acted without malice or wantonness, and acted reasonable within the scope of his employment in his interactions with Plaintiff.

9. Plaintiff has failed to exhaust their administrative remedies via the inmate grievance procedure thus their claims for damages are barred, in whole or in part, by the Prison Litigation Reform Act of 1995.

10. Plaintiff's Complaint fails to establish or demonstrate the presence of any constitutionally cognizant injury as a result of the actions or inactions of Defendant.

11. Defendant acted reasonably within the discretion of their position, and the course and scope of their employment, and did not violate any clearly established statutorily or constitutional right of the Plaintiff, which a reasonable person would have known, and therefore are entitled to qualified immunity from suit. By use of this Affirmative Defense, Defendant in no manner, implied or otherwise, admits to any of Plaintiff's allegations as so herein indicated.

12. Plaintiff cannot establish that the Defendant acted with deliberate indifference to the health or safety of the Plaintiff, nor can he establish that Defendant acted with a sufficiently culpable state of mine as required for liability under 42 U.S.C. § 1983.

13. Plaintiff has failed to state a claim upon which relief may be granted under Section 1983 of Title 42 of the United States Code (42 U.S.C. § 1983).

14. Defendant asserts that there was no substantial risk of harm to Plaintiff.

15. Defendant asserts that if there was a risk, Defendant was not aware of the risk to Plaintiff.

16. Defendant's actions were reasonable.

17. Defendant's conduct does not demonstrate that there was a disregard of any risk or that Defendant failed to take reasonable measures to protect Plaintiff.

18. Defendant asserts that Plaintiff did not suffer any injuries.

19. If Plaintiff did suffer injury, that injury was not reasonably foreseeable.

20. Defendant's conduct does not amount to more than mere negligence.

21. Defendant's conduct did not cause Plaintiff's injuries, nor were said injuries a result of an act or omission by Defendant.

22. Defendant asserts that none of their subordinates violated Plaintiff's constitutional rights.

23. Defendant did not personally participate in violating Plaintiff's constitutional rights.

24. The damages and relief sought by Plaintiff are unreasonable, unwarranted, and excessive.

25. Defendant had no subjective knowledge of a risk to Plaintiff.

26. Defendant did not disregard any known risk to Plaintiff.

27. Defendant is entitled to reduction of any award to the Plaintiff for indemnity received by the Plaintiff from collateral sources as provided for §768.76, Florida Statutes, as well as any judgments or debts owed to the State of Florida, including civil restitution liens pursuant to § 960.292(2) and § 960.293(2)(b), Florida Statues.

28. Plaintiff is not entitled to compensatory, monetary, and punitive damages per 42 U.S.C. § 1997.

29. Plaintiff cannot establish that Defendant acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

30. Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set for by *Smith v. Wade*, 461 U.S. 30, 56 (1983).

31. Plaintiff failed to state a claim upon which relief can be granted.

32. Plaintiff is not entitled to an award of attorney's fees.

### RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear appropriate upon further discovery being conducted in this case.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury for all matters so triable as of right.

**WHEREFORE**, having fully answered the Complaint, Defendant Sergeant Wheeler, respectfully requests this Honorable Court deny Plaintiff all relief they seek, find in favor of Defendant, enter judgment in his favor and against Plaintiff and award Defendant his costs and reasonable attorneys' fees incurred in defending this action, grant his demand for trial by jury of all issues so triable as of right and any other relief as may be deemed just and proper in this case.

**Dated:** July 11, 2024

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Jessica Schwieterman

>Jessica Schwieterman
>Senior Assistant Attorney General
>Florida Bar No. 116460
>Office of the Attorney General
>3507 E. Frontage Road, Suite 150
>Tampa, FL 33607
>T - (813) 233-2880; F - (813) 281-1859
>Jessica.Schwieterman@myfloridalegal.com
>Victoria.Lingua@myfloridalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.

>/s/ Jessica Schwieterman
>Jessica Schwieterman
>Senior Assistant Attorney General