UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH (JOEY) LUZIER, III,

    Plaintiff,

v.                                                      Case No. 6:24-CV-916-PGB-RMN

SERGEANT CLEVELAND WHEELER;
SERGEANT LANE; OFFICER RYAN
HINES; and OFFICER LUIS D. OCASIO,

    Defendant.
_____/

**DEFENDANTS' OFFICER RYAN HINES
AND OFFICER LUIS D. OCASIO MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

    Defendants, Officer Ryan Hines and Officer Luis D. Ocasio (hereinafter collectively "Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this Motion to Dismiss Plaintiff's Amended Complaint and Jury Demand for failure to state a claim upon which relief can be granted and the immunities afforded to them. ECF No. 25. As grounds therefore, Defendants state the following:

    1.    At all times relevant, Plaintiff, Joseph (Joey) Luzier III[1], is an inmate in the custody of the Florida Department of Corrections ("FDC").

    2.    On July 18, 2024, Plaintiff, through counsel, filed the Amended Complaint and Jury Demand in this matter. ECF No. 25.

---

[1] Plaintiff identifies as a transgender woman and will be referenced under gender neutral pronouns.

3.     The Amended Complaint and Jury Demand alleges Defendants violated Plaintiff's Eighth Amendment rights while incarcerated at Tomoka Correctional Institution. ECF No. 25 at 2. As such, Plaintiff seeks nominal damages, compensatory damages, punitive damages, reasonable attorneys' fees, litigation expenses, and costs. ECF No. 25 at 15.

4.     In response, Defendant Hines and Defendant Ocasio move for dismissal of Plaintiff's Amended Complaint for failure to state a claim, and because immunities bar Plaintiff's claims.

## I.     PLAINTIFF'S ALLEGATIONS

Plaintiff, Joseph (Joey) Luzier III is an inmate in the custody of the Florida Department of Corrections ("FDC") and Plaintiff's counsel filed this amended complaint while Plaintiff was incarcerated. ECF No. 25. The Amended Complaint named Officer Ryan Hines and Officer Luis D. Ocasio as defendants sued in their individual capacity. ECF No. 25 at 3. Plaintiff claims that their Eighth Amendment rights were violated when Officer Hines and Officer Ocasio failed to protect Plaintiff from an attack by another inmate. ECF No. 25.

According to the Amended Complaint, on August 25, 2020, Plaintiff was moved to another cell with a new bunkmate. ECF No. 25. Plaintiff alleged that their bunkmate was selected specifically for them by Sgt. Wheeler due to the bunkmate's predator status. ECF No. 25 at 3-5. Plaintiff contended Officer Hines and Officer Ocasio were present when Sgt. Wheeler informed Plaintiff of the new bunkmate's status. Plaintiff also asserted Officer Hines and Ocasio were also present when

Plaintiff informed everyone that Plaintiff was fearful of being placed with the new bunkmate. ECF No. 25. Plaintiff provided that Officer Ocasio escorted Plaintiff to the new cell and while walking down the hallway, another inmate yelled and placed a "hit" on Plaintiff. ECF No. 25 at 6. Plaintiff asserted that they again informed Officer Ocasio that they were fearful of the new bunkmate and Officer Ocasio placed Plaintiff in the cell despite knowing Plaintiff's fears. ECF No. 25 at 6-7.

Plaintiff asserts that in the evening of August 25, 2020, the bunkmate sexually assaulted them while they were placed in the shower by another Sergeant. ECF No. 25.

The next day according to the Amended Complaint, Plaintiff declared a psychological emergency, refused to re-enter his cell, and Officer Hines responded to the Plaintiff's cell. ECF No. 25 at 9. Plaintiff claims that Officer Hines threatened to use force to get Plaintiff to re-enter his cell. ECF No. 25 at 9. When Plaintiff continued to refuse to re-enter the cell, a Sergeant was called to the cell. ECF No. 25. Once the Sergeant arrived, Plaintiff disclosed the sexual assault, a PREA report was filed, Plaintiff was examined, and DNA evidence was obtained. ECF No. 25 at 9.

## MEMORANDUM OF LAW

### II.   STANDARD FOR MOTION TO DISMISS

When reviewing a motion to dismiss, the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that

possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. It is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face and is subject to dismissal when the facts pleaded do not meet this requirement. *Twombly*, 550 U.S. at 570. The federal pleading rules require a complaint to provide sufficient notice to a defendant regarding the causal connection between the defendant and the plaintiff's claim, so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . ." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III.   ARGUMENT

**A. Plaintiff fails to state a claim upon which relief can be granted.**

Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983, which provides for claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution . . ." To state a claim under 42 U.S.C. §1983, Plaintiff must allege 1) defendants deprived him of a right secured under the U.S. Constitution or federal law; and 2) that such deprivation occurred under color of state law. *Arrington v. Cobb Co.*, 139 F.3d 865, 872 (11th Cir. 1998).

A plaintiff must also make more than vague and conclusory assertions to state a claim. *Ashcroft*, 556 U.S. at 662 (2009). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).

In the present case, Plaintiff claims that Defendants Hines and Ocasio violated their federal constitutional rights under the Eighth Amendment for failure to protect and failure to intervene. However, Plaintiff's Amended Complaint fails to set forth sufficient factual or legal support giving rise to a sustainable § 1983 lawsuit.

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994). Deliberate indifference occurs when a prison official "disregards a risk of harm of which he is *actually aware*." *Ray v. Foltz*, 370 F.3d 1079, 1083 (11th Cir. 2004), citing to *Farmer*, 511 U.S. at 836 (emphasis in original).

"A prison official's failure to protect a prisoner from attack violates the prisoner's constitutional rights 'when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk.'" *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quotation omitted). "[T]he prison official must have subjective knowledge of the risk of serious harm, and must nevertheless fail to reasonably respond to the risk. A prison official must also have a sufficiently culpable state of mind to be deliberately indifferent." *Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (holding that Plaintiff's failure to protect claim failed as Plaintiff alleged no facts indicating that any officer was aware of a substantial risk of serious harm to him and failed to take protective measures).

The "substantial risk of serious harm" must go beyond mere possibilities. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "Merely negligent failure to protect" an inmate from an attack does not create a constitutional violation. *Carter*, 352 F.3d at 1350. Thus, when prison officials fail to prevent an attack on an inmate, *Farmer* requires defendants "to have known and recklessly disregarded an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. An assault by one inmate on another may give rise to substantial risk of serious harm if "violence and terror reign" within the institution, but isolated attacks, by themselves do not necessarily create a constitutional violation. *Purcell v. Toombs*, 400 F.3d 1313, 1320 (11th Cir. 2005). "It is not . . . every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Carter*, 352 F.3d at 1349, citing *Farmer*, 511 U.S. at 834.

Plaintiff does not provide sufficient facts to indicate Defendants were aware of a "substantial risk of serious harm" to them that went "beyond mere possibilities." *See Brown*, 894 F.2d at 1537. The Eleventh Circuit has rejected the argument that when a prisoner says he is in fear for his life, the prison official must place the prisoner in protective custody and that anything less is objectively unreasonable. *See Mosely v. Zachery*, 966 F.3d 1265 (11th Cir. 2020). In *Mosely*, the Eleventh Circuit stated that a "prison official responds reasonably by taking the time to investigate the threat and look into different options all while making sure the prisoners are being supervised." *Id.* at 1265. "The unfortunate reality is that 'threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm.'" *West v. Inch*, 2021 WL 768491, *5 (S.D. Fla. January 6, 2021), citing *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (quoting *Prater v. Dahm*, 89 F.3d 528, 542 (8th Cir. 1996)) (upholding dismissal of or summary judgment against deliberate-indifference claims where, although a plaintiff told prison officials about a threat by another inmate or inmates, the prison officials were not deliberately indifferent to a *substantial* risk of harm."). "[A] prison custodian is not the guarantor of a prisoner's safety." *Purcell*, 400 F.3d at 1321. Isolated attacks by themselves do not create a constitutional violation. *Id.* at 1320.

Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir.1998). However, in order for liability to attach,

the officers must have been in a position to intervene. *See id.*

Here, Plaintiff's allegations are that Officer Ocasio was told Plaintiff was afraid of the new bunkmate at the time Plaintiff was informed of the placement and when Plaintiff was entering the cell, thus only providing Officer Ocasio minimal information as to the risk posed to Plaintiff by the new bunkmate. The facts alleged in this amended complaint provide Officer Ocasio that Plaintiff was "fearful" or "afraid" is insufficient information to determine if a substantial risk of harm is present. Additionally, Plaintiff alleges facts to state that Officer Ocasio was present and overheard another Sergeant make statements about a predatory status of the bunkmate, however this is still insufficient to demonstrate a knowledge of an actual risk of harm. Plaintiff fails to provide a sufficient factual basis to support that a constitutional violation occurred in the presence of Officer Ocasio that he would have been in a position to intervene.

Additionally, Plaintiff makes threadbare facts as to the actions of Officer Hines. Plaintiff alleges that they told Officer Hines they were fearful of the new bunkmate prior to his placement in the new cell while in a room with multiple staff members and then, the next day, Plaintiff did not disclose fear or any concern for harm, but instead claimed a psychological emergency and refuse to re-enter the cell. Based on the information within the amended complaint, Plaintiff did not provide enough to support that Officer Hines had enough information to determine if a substantial risk of harm is present. Plaintiff again alleged that Officer Hines was present and overheard information about the bunkmate's predatory status, but again this lacks sufficient knowledge of an actual risk of harm. Plaintiff fails to provide a sufficient factual basis

to support that a constitutional violation occurred in the presence of Officer Hines that he would have been in a position to intervene. Furthermore, once harm had occurred, Plaintiff did not disclose the harm to Officer Hines, but instead defied the rules of the facility.

### B. Qualified immunity bars Plaintiff's individual capacity claims.

To the extent Plaintiff sues Defendants for civil damages in their individual capacities, such claims are barred by the doctrine of qualified immunity. *See Riley v. Newton,* 94 F.3d 632, 637 (11th Cir.1996); *Rivas v. Freeman,* 940 F.2d 1491, 1494-1495 (11th Cir. 1991). Qualified immunity shields governmental officials performing discretionary functions from civil liability as long as their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Qualified immunity allows government officials breathing room "to carry out their discretionary duties without the fear of personal liability or harassing litigation . . ." *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). "[O]nly in exceptional cases will government actors have no shield against claims made against them in their individual capacities." *Redd v. City of Enterprise,* 140 F.3d 1378, 1382 (11th Cir. 2004). To defeat qualified immunity, a plaintiff must "show that, when the defendant acted, the law established the contours of a right so clearly that a reasonable official would

have understood his acts were unlawful." *Galvez v. Bruce,* 552 F.3d 1238, 1244 (11th Cir. 2008), quoting *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1557 (11th Cir. 1993).

Application of the doctrine of qualified immunity involves a two-part test. *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983). First, in order to show that his or her actions were within the scope of discretionary authority, the government official must demonstrate "objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988), citing *Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981); *Douthit v. Jones*, 619 F.2d 527 (5th Cir. 1980). Once the government official has satisfied his or her burden, the burden shifts to the plaintiff to show lack of good faith on the part of the government official by demonstrating that the official's actions clearly violated constitutional law. *Zeigler*, 716 F.2d at 849.

As argued above, Plaintiff failed to state any claim against Defendants in the amended complaint. Plaintiff cannot demonstrate that any conduct on the part of Defendants violated Plaintiff's constitutional rights of which a reasonable corrections employee should have known or had actual knowledge. Plaintiff has not demonstrated any allegations of sufficient fact to show that the Defendants acted outside the scope of their discretionary authority as Florida Department of Corrections employees. As such, dismissal is proper based upon qualified immunity.

### C. CONCLUSION

Plaintiff's amended complaint fails to state a claim upon which relief can be granted under the Eighth Amendment and qualified immunity bars Plaintiff's individual capacity claims. Plaintiff's amended complaint warrants dismissal in every respect as to Defendants Hines and Ocasio.

**WHEREFORE**, Defendants, Officer Hines and Officer Ocasio respectfully move this Honorable Court to dismiss Plaintiff's Amended Complaint and grant any other relief this Court deems appropriate under the circumstances.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

<u>/s/ Jessica Schwieterman</u>
Jessica Schwieterman
Senior Assistant Attorney General
Florida Bar No. 116460
Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, FL 33607
T - (813) 233-2880; F - (813) 281-1859
Jessica.Schwieterman@myfloridalegal.com
Victoria.Lingua@myfloridalegal.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), the undersigned counsel conferred with Plaintiff's counsel on this motion via a phone call on August 2, 2024, Plaintiff's counsel opposes the relief requested in this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.

/s/ Jessica Schwieterman
Jessica Schwieterman
Senior Assistant Attorney General
