UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH J. LUZIER, III,

    Plaintiff,

v.                                               Case No.  6:24-cv-916-PGB-RMN

CLEVELAND WHEELER, FNU
LANE, RYAN HINES and FNU
OCASIO,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff and the Florida Department of Corrections' ("FDOC") Joint Motion for Confidentiality Order (Doc. 31). In anticipation of discovery, Plaintiff and FDOC request the Court under Federal Rule of Civil Procedure 45(d)(1) to enter a confidentiality order concerning certain documents requested for production because they will seek protected confidential and restricted information of the FDOC.

Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court is required to enforce this duty. *Id.* In accordance with Rule 45(d)(1) and for good

cause shown by Plaintiff and FDOC, the Joint Motion for Confidentiality Order (Doc. 31) is **GRANTED**.

It is hereby **ORDERED** as follows:

1. This Order governs the handling, maintenance, storage, and use, of discovery materials that would be exempt from disclosure under public records laws, or are considered confidential by Florida statutes, including sections 119.071 and 945.10 of the Florida Statutes, other state laws, and certain FDOC security procedures and rules.

2. FDOC has security concerns in certain of its records and wishes to ensure that these records are not introduced into the public domain.

3. Plaintiff has discovery needs relating to Plaintiff's burden of proof of claims in the instant lawsuit that may include records that would be exempt from public disclosure under Florida public records laws.

4. FDOC wishes the Court to give weight to some Florida public records laws under principles of comity.

5. In recognition of the need for a balancing of interests, Plaintiff shall treat the following kinds of discovery materials as confidential, subject to court review:

   a. Video/audio recordings;

   b. Any photographs taken within an FDOC prison that includes security infrastructure and FDOC staff;

  c. Post Orders (*i.e.*, job descriptions) designated by FDOC as restricted;

  d. Any FDOC Duty/Security Rosters (i.e., work schedules, inmate rosters);

  e. Confidential, exempt, and/or restricted FDOC procedures;

  f. Housing logs/assignments and dormitory logs/assignments;

  g. Photographs of current and former FDC employees;

  h. Training materials.

6. Plaintiff may also designate records as confidential. Although the above-listed records are characterized as confidential under this Order, such designation is purely the product of the Parties' agreement and does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law. Plaintiff may challenge the protection as "confidential" of any particular record with a showing of "good cause" pursuant to Federal Rule of Civil Procedure 26 and the FDOC reserves the right to file appropriate motions to protect the confidential nature of the documents.

7. FDOC, however, maintains these records are, in fact, protected by state and federal law.

8. This Order does not alter the requirements under court rules for redaction of information from documents filed with the Court.

9. This Order does not apply to records already in the public domain.

10. The following definitions shall apply to this Confidentiality Order:

　a. "Parties" shall mean and refer to the Plaintiff and each Defendant in the above captioned case.

　b. "Qualified person(s)" shall mean and refer to:

　　i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;
　　ii. Expert witnesses and expert consultants for the Parties;

　　iii. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

　　iv. The Court and court personnel;

　　v. Other persons only on order of the Court

11. Confidential discovery materials as provided in this Order, if filed, shall be redacted or submitted to the Court with a motion to seal.

12. Confidential discovery materials as provided in this Order shall be disclosed only to Qualified Persons and used only for this litigation.

13. Confidential discovery materials as provided in this Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms. Counsel sharing the confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

14. Confidential discovery materials as provided in this Order, when filed

pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written:

  a. the caption of this case;

  b. the name of the party filing the materials and an indication of the nature of the contents; and

  c. a statement substantially in the following form: [DISCLOSING PARTY'S NAME]

  CONFIDENTIAL

  This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

15. When confidential discovery materials as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party who is a signatory to this Order may apply to the Court to limit persons permitted to be present to only Qualified persons during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

16. If any Party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in

writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this Order, Plaintiff shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action.

17. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

    c. Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

    d. Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

18. Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Order that were supplied by the parties and all copies thereof shall be returned to the producing party. All confidential discovery materials governed by this Order which are electronically stored in any manner by Plaintiff's counsel or counsel's agent must be permanently deleted.

19. Counsel for the Plaintiff shall not disclose the confidential materials to a Plaintiff who is a state prisoner, with the exception that the Plaintiff

shall review the video relating to the incident and pictures of the Plaintiff.

20. The obligation to maintain confidentiality pursuant to this Order shall continue after the conclusion of this case.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH J. LUZIER, III,

    Plaintiff,

v.                         Case No.  6:24-cv-916-PGB-RMN

CLEVELAND WHEELER, et al.,

    Defendants.
_____/

**Exhibit A**
**ADDENDUM TO CONFIDENTIALITY ORDER**

The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Confidentiality Order in this cause, understands the provisions of the Order, and agrees to comply with the Order.

The material or information is being disclosed pursuant and subject to the Order and may not be disclosed other than pursuant to its provisions.

Date: _____ , 20_____.


_____     _____
NAME                                                                                                   SIGNATURE

8