UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH (JOEY) LUZIER, III,

    Plaintiff,

v.                                          Case No. 6:24-CV-916-PGB-RMN

SERGEANT CLEVELAND WHEELER,
SERGEANT DOMINIC LANE, OFFICER
RYAN HINES, and OFFICER LUIS D.
OCASIO,

    Defendant.
_____/

## DEFENDANTS RYAN HINES AND LUIS D. OCASIO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**COMES NOW**, Defendants RYAN HINES and LUIS D. OCASIO, (hereinafter "Defendants") hereby files this Answer, Affirmative Defenses, and Demand for Jury Trial, in response to Plaintiff's Amended Complaint. ECF No. 25, hereinafter, "Complaint." Defendant states as follows:

## ANSWER

The specific responses to the allegations are presented in the same sectioned structure as Plaintiff's Amended Complaint. ECF No. 25.

### SECTION I: JURISDICTION AND VENUE

1. Admitted.
2. Admitted.

3. Admitted.

4. Denied.

### SECTION II: PARTIES

5. Admitted that Plaintiff is an inmate in the custody of the Florida Department of Corrections. Admitted that Plaintiff was at Tomoka Correctional Institution at the time of the allegations. Without knowledge as to the remaining allegations in this paragraph, therefore denied.

6. Not applicable to these Defendants, and otherwise without knowledge to admit or deny.

7. Not applicable to these Defendants, and otherwise without knowledge to admit or deny.

8. Admitted.

9. Admitted.

### SECTION III: FACTUAL ALLEGATIONS

10. Defendants are without knowledge of Plaintiff's housing status on August 25, 2020, therefore denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendant is without knowledge of the events that occurred between Plaintiff and his bunkmate, therefore denied.

25. Defendant is without knowledge of the events that occurred between Plaintiff and his bunkmate, therefore denied.

26. Defendant is without knowledge of the events that occurred between Plaintiff and his bunkmate, therefore denied.

27. Denied.

28. Admitted that a Sergeant was called to Plaintiff's cell, without knowledge as to the conversation between Plaintiff and Sergeant Owen, therefore denied.

29. Defendants are without knowledge as to the specifics of the investigation, therefore denied.

30. Admitted that Rivas was charged with sexual battery. Defendant is without knowledge as to the current status of the criminal proceedings, therefore denied.

**SECTION IV: COUNT I: VIOLATION OF 42 U.S.C. §1983: FAILURE TO PROTECT (AGAINST ALL DEFENDANTS)**

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied

36. Denied.

**SECTION V: COUNT II: VIOLATION OF 42 U.S.C. §1983: FAILURE TO INTERVENE**

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**COUNT III: VIOLATION OF 42 U.S.C. § 1983- SUPERVISOR LIABILITY**

41. To the extent that this requires a response from the Defendants, denied.

42. Denied.

43. To the extent that this requires a response from the Defendants, denied.

44. Denied.

45. To the extent that this requires a response from the Defendants, denied.

46. To the extent that this requires a response from the Defendants, denied.

47. Denied.

**PRAYER FOR RELIEF**

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

**All other allegations not expressly admitted are <u>hereby denied.</u>**

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to establish the presence of any violation of any rights, privileges or immunities secured by the United States Constitution against Defendant.

2. Defendants did not have actual or subjective knowledge of a risk of serious harm to the Plaintiff and/or Defendant did not disregard any known risk by failing to respond to said risk in a reasonable manner and/or Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person should have known thus Defendants are entitled to qualified immunity.

3. At all times material hereto, Defendants' actions, as a state official, was reasonable, in good faith, without malice, was undertaken pursuant in the performance of his duties, and was within the scope of their duties.

4. To the extent Plaintiff seeks to recover punitive damages against Defendants, Plaintiff's claims for punitive damages are limited and/or barred by the Florida Constitution, the United States Constitution and/or by the laws of the United States and the State of Florida.

5. To the extent that Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations those claims are barred.

6. Plaintiff cannot recover against the Defendants to the extent that Plaintiff has failed to make reasonable efforts to mitigate his alleged damages.

7. Defendants' liabilities are limited by the independent, intervening acts of other persons, parties, or entities, known or unknown, that supersede any causal connection between Defendants' conduct and any alleged injury and death of Plaintiff. Likewise, any intervening act and injury was not reasonable foreseeable or anticipated by Defendants and was not under Defendants' control and Defendants may not be held liable.

8. Defendants assert that, at all times material, they acted in good faith, acted without malice or wantonness, and acted reasonable within the scope of their employment in their interactions with Plaintiff.

9. Plaintiff has failed to exhaust their administrative remedies via the inmate grievance procedure thus their claims for damages are barred, in whole or in part, by the Prison Litigation Reform Act of 1995.

10. Plaintiff's Complaint fails to establish or demonstrate the presence of any constitutionally cognizant injury as a result of the actions or inactions of Defendants.

11. Defendants acted reasonably within the discretion of their position, and the course and scope of their employment, and did not violate any clearly established statutorily or constitutional right of the Plaintiff, which a reasonable person would

have known, and therefore are entitled to qualified immunity from suit. By use of this Affirmative Defense, Defendants in no manner, implied or otherwise, admits to any of Plaintiff's allegations as so herein indicated.

12. Plaintiff cannot establish that the Defendants acted with deliberate indifference to the health or safety of the Plaintiff, nor can he establish that Defendants acted with a sufficiently culpable state of mine as required for liability under 42 U.S.C. § 1983.

13. Plaintiff has failed to state a claim upon which relief may be granted under Section 1983 of Title 42 of the United States Code (42 U.S.C. § 1983).

14. Defendants assert that there was no substantial risk of harm to Plaintiff.

15. Defendants assert that if there was a risk, Defendants were not aware of the risk to Plaintiff.

16. Defendants' actions were reasonable.

17. Defendants' conduct does not demonstrate that there was a disregard of any risk or that Defendants failed to take reasonable measures to protect Plaintiff.

18. Defendants assert that Plaintiff did not suffer any injuries.

19. If Plaintiff did suffer injury, that injury was not reasonably foreseeable.

20. Defendants' conduct does not amount to more than mere negligence.

21. Defendants' conduct did not cause Plaintiff's injuries, nor were said injuries a result of an act or omission by Defendants.

22. Defendants did not personally participate in violating Plaintiff's constitutional rights.

23. The damages and relief sought by Plaintiff are unreasonable, unwarranted, and excessive.

24. Defendants have no subjective knowledge of a risk to Plaintiff.

25. Defendants did not disregard any known risk to Plaintiff.

26. Defendants are entitled to reduction of any award to the Plaintiff for indemnity received by the Plaintiff from collateral sources as provided for §768.76, Florida Statutes, as well as any judgments or debts owed to the State of Florida, including civil restitution liens pursuant to § 960.292(2) and § 960.293(2)(b), Florida Statues.

27. Plaintiff is not entitled to compensatory, monetary, and punitive damages per 42 U.S.C. § 1997.

28. Plaintiff cannot establish that Defendants acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

29. Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set for by *Smith v. Wade*, 461 U.S. 30, 56 (1983).

30. Plaintiff failed to state a claim upon which relief can be granted.

31. Plaintiff is not entitled to an award of attorney's fees.

## RESERVATION OF RIGHT TO AMEND

Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear appropriate upon further discovery being conducted in this case.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury for all matters so triable as of right.

Date: October 30, 2024

        Respectfully Submitted,

        **ASHLEY MOODY**
        **ATTORNEY GENERAL**

        <u>/s/ Jessica Schwieterman</u>
        Jessica Schwieterman
        Senior Assistant Attorney General
        Florida Bar No. 116460
        Office of the Attorney General
        3507 E. Frontage Road, Suite 200
        Tampa, FL 33607
        T - (813) 233-2880; F - (813) 281-1859
        Jessica.Schwieterman@myfloridalegal.com
        Victoria.Lingua@myfloridalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.

        <u>/s/ Jessica Schwieterman</u>
        Jessica Schwieterman
        Senior Assistant Attorney General